IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**EDWIN TOLEDO-COLON,**

    Plaintiff,

    v.                                Civil No. 10-2217 (GAG)

**COMMONWEALTH OF PUERTO RICO, et al.,**

    Defendants.

**OPINION AND ORDER**

Plaintiff Edwin Toledo-Colon filed a complaint against the Commonwealth of Puerto Rico ("Commonwealth"), the Puerto Rico Department of Labor and Human Resources ("DOL"), the Puerto Rico Department of Justice ("DOJ"), the Vocational Rehabilitation Administration ("VRA"), as well as individual defendants in their personal and official capacities[1] (collectively "Defendants").

This action is brought pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; the Federal Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 *et seq.*; Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. §§ 2000d *et seq.*; and 42 U.S.C. § 1983 ("Section 1983"), alleging violations of the First and Fourteenth Amendments to the United States Constitution. Plaintiff also brings state claims alleging violations of Puerto Rico Law 115 of December 20, 1991 ("Law 115"), P.R. Laws Ann. tit 29, §194(a); Puerto Rico Law 44 of July 2, 1985 ("Law 44"), P.R. Laws Ann. tit. 1, 501 §§ *et seq.*; and Articles 1802 and 1803 of the Civil

---

[1] Marideli Arrieta in her personal and official capacity as Supervisor of VRA's office at the University of Puerto Rico ("UPR"), Wanda Lozada in her personal and official capacity as VRA counselor at the UPR, Leyda Santiago in her personal and official capacity as VRA Director, Maria Benitez in her personal and official capacity as VRA Rehabilitation Specialist, Carmen Diaz-Trinidad in her personal and official capacity as VRA Director, Myrna Cambrelen in her personal and official capacity as Aide to VRA's Administrator, Nydia Colon in her personal and official capacity as VRA Administrator, Gilda Dacosta-Martel in her personal and official capacity as VRA counselor at the UPR, and Ruben Bonilla in his personal and official capacity as VRA Supervisor of the San Juan regional office. (See Docket No. 1 at 9-12 ¶¶ 3- 11.)

**Civil No. 10-2217 (GAG)**                2

Code of Puerto Rico ("Articles 1802 and 1803"), P.R. Laws Ann. tit. 31, §§ 5141-5142.

Commonwealth, DOL, DOJ, and VRA moved under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the claims against them (Docket No. 25). Co-defendants Myrna Cambrelen ("Cambrelen"), Carmen Diaz-Trinidad ("Diaz-Trinidad"), and Marideli Arrieta ("Arrieta") joined the motion to dismiss (Docket No. 32). Plaintiff filed a response in opposition (Docket No. 36). Subsequently, co-defendants Maria Benitez ("Benitez") and Nydia Colon ("Colon") also joined the motion to dismiss (Docket No. 54).

After reviewing the pleadings and pertinent law, the court **GRANTS in part and DENIES in part** Defendants' motions to dismiss (Docket No. 25).

**I.    Legal Standard**

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Federal Rule of Civil Procedure 12(b)(1) is '[t]he proper vehicle for challenging a court's subject-matter jurisdiction." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001). Rule 12(b)(1) is a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction." Id. at 362-363. A moving party may base a challenge to the sufficiency of the plaintiff's assertion of subject matter jurisdiction solely on the pleadings. Med. Card Sys. v. Equipo Pro Convalencia, 587 F. Supp. 2d 384, 387 (D.P.R. 2008) (citing Hosp. Bella Vista, 254 F.3d at 363).

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) is subject to a similar standard of review as a motion brought pursuant to Rule 12(b)(6). Boada v. Autoridad de Carreteras y Transportacion, 680 F. Supp. 2d 382, 384 (D.P.R. 2010) (citing Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994)). "When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. U.S., 620 F.3d 50, 54 (1st Cir. 2010) (citing Hosp.

**Civil No. 10-2217 (GAG)**                                             3

Bella Vista, 254 F.3d at 363).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint alleged –but it has not show[n]– that the pleader is entitled to relief." Iqbal, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)) (internal quotation marks omitted).

**II.    Factual and Procedural Background**

VRA operates the Vocational Rehabilitation Program in Puerto Rico. P.R. Laws Ann. tit. 18, § 1064(a). Edwin Toledo-Colon ("Plaintiff") is a student pursuing a master's degree in publicity from Sacred Heart of University ("SHU") and a recipient of VRA services. (See Docket No. 1 at 4.) According to the complaint, Plaintiff suffers from "Avoid Personal Disorder" and began receiving VRA services on January 16, 2002, while studying for his bachelor's degree at the University of Puerto Rico ("UPR"). (See Docket No. 1 at 4 and 14 ¶ 2.)

On January 28, 2003, as a student in the UPR, Plaintiff requested "a computer system bundled with assistive equipment" from VRA. (See Docket Nos. 1 at 14 ¶ 3; 34-1 at 1 ¶ 3.) On May 12, 2003, Plaintiff filed a formal complaint against Defendants with the UPR's "Oficina de Asuntos de Personas con Impedimento" or, the Resource Office for the Disabled. (See Docket No. 1 at 16 ¶ 9) (translation ours). Plaintiff alleges that, as a result of this filing, Defendants agreed to provide

**Civil No. 10-2217 (GAG)**                               4

the assistive equipment requested, but later denied it when an administrative proceeding concluded. (See Docket No. 1 at 17 ¶ 11.) Plaintiff eventually graduated from the UPR with a bachelor's degree. (See Docket No. 1 at 17 ¶ 12.)

In January 2005, Plaintiff began studying for a master's degree at SHU. (See Docket No. 1 at 17 ¶ 12.) Plaintiff alleges that Defendants approved a request for assistive equipment, yet later denied it because he had filed a complaint with the Office of the Advocate for Persons with Disabilities ("OPPI," for its Spanish acronym). (See Docket No. 1 at 17 ¶ 12-13.) An administrative hearing against Defendants was held on April 29, 2006. (See Docket No. 1 at 17 ¶ 14.)

According to the complaint, on November 11, 2007, Plaintiff made another request for assistive equipment in order to complete his thesis in "PUB 798 Project." (See Docket No. 1 at 18 ¶ 16-17.) On April 3, 2008, Plaintiff's request for equipment and the provision of comparative services was denied. (See Docket No. 1 at 18 ¶ 18.)

Plaintiff alleges that he met with co-defendant Marideli Arrieta, VRA Supervisor at the UPR, on January 15, 2010, and was asked to "withdraw and waive his rights to the assistive equipment requested as a pre-condition to continuing receiving services in the form of academic tuition for the next semester at [SHU]." (See Docket No. 1 at 23 ¶ 41.) On April 26, 2010, Plaintiff "contacted" Defendants "to secure his tuition and other services and assistive equipment . . . to no avail." (See Docket No. 1 at 24 ¶ 45.)

Plaintiff filed the present complaint on December 14, 2010 (Docket No. 1). On April 14, 2011, Commonwealth, DOL, DOJ, and VRA moved under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the claims against them (Docket No. 25). Specifically, they moved to dismiss on the following grounds: (1) no individual liability under the ADA and the Rehabilitation Act; (2) Plaintiff's Section 1983, ADA, Rehabilitation Act and supplemental jurisdiction claims are time barred; (3) Eleventh Amendment immunity bars Plaintiff's Section 1983 claims against the Commonwealth, DOJ, DOL, VRA, and the individual defendants in their official capacities; (4) failure to state a claim under the ADA; (5) failure to state a claim against DOJ and DOL; (6) no personal or individual liability under Law 44; and (7) claims prior to November 5, 2009 should be dismissed for lack of subject-matter jurisdiction.

**Civil No. 10-2217 (GAG)**                    5

Co-defendants Myrna Cambrelen, Carmen Diaz-Trinidad, and Marideli Arrieta joined the motion to dismiss on May 5, 2011(Docket No. 32). On May 13, 2011, Plaintiff filed a response in opposition (Docket No. 36). Co-defendants Maria Benitez and Nydia Colon subsequently joined the motion to dismiss. (Docket No. 54). Default was entered against co-defendants Ruben Bonilla, Gilda Dacosta-Martel, Wanda Lozada and Leyda Santiago on August 30, 2011 (Docket No. 60).

**III.    Discussion**

    **A.    Individual Liability under the ADA, the Rehabilitation Act and Law 44**

Plaintiff brings claims under Title II of the ADA, Section 504 of the Rehabilitation Act and Law 44. Defendants contend that the ADA, Rehabilitation Act and Law 44 claims should be dismissed against all individual defendants because there is no individual liability under these statutes. (See Docket No. 25 at 6-7, 15-17.)

Title II of the ADA ("Title II") is modeled on Section 504 of the Rehabilitation Act ("Section 504"), Pub. L. No. 93-112, 87 Stat. 355 (1973) (codified as amended in scattered sections of 29 U.S.C.). Parker v. Univ. de Puerto Rico, 225 F.3d 1, 4 (1st Cir. 2000). Courts have interchangeably relied on decisional law applying Title II and Section 504. Id. (citing Theriault v. Flynn, 162 F.3d 46, 48 n.3 (1st Cir. 1998); Gorman v. Bartch, 152 F.3d 907, 912 (8th Cir. 1998)). In accordance with the approach taken by the parties and other courts, the court construes Plaintiff's ADA and Rehabilitation Act counts as presenting a single claim. See Parker, 225 F.3d at 4. If Plaintiff's ADA claim survives the motion, then his Rehabilitation Act claim survives as well. Procurador De Personas Con Impedimentos v. Muncipality of San Juan, 541 F. Supp. 2d 468, 474 (D.P.R. 2008).

While the First Circuit has not addressed whether the ADA provides for individual liability, courts in this district have followed the majority of circuits in holding that it does not. See Cabrera-Velazquez v. Puerto Rico Tel. Co., 2011 WL 1791100 at *5 (D.P.R. May 10, 2011); Rodriguez-Fernandez v. First Med. Health Plan, Inc., 2010 WL 5072584 at *6 (D.P.R. Dec. 10, 2010); Reyes-Ortiz v. McConnell Valdes, 714 F. Supp. 234, 238 (D.P.R. 2010). "Specifically, [courts in this district] have held that there is no individual liability under Title II of the ADA." Del-Villar-Rosario v. Puerto Rico Dep't of Justice, 573 F. Supp. 2d 496, 503 (D.P.R. 2008) (citing Toledo v. Univ. of Puerto Rico, 2008 WL 189561 (D.P.R. Jan. 18, 2008)). Accordingly, the court finds that Plaintiff's

claims under Title II of the ADA and Section 504 of the Rehabilitation Act fail as to the individual plaintiffs because neither statute provides for individual liability. See Millay v. Surry Sch. Dep't, 2009 WL 5184398 at *9 (D. Me. Dec. 22, 2009) (finding that individual defendants cannot be held personally liable in damages for violations of the ADA and the Rehabilitation Act); Abbott v. Town of Salem, 2006 WL 276704 at *4 (D.N.H. Feb. 02, 2006) (dismissing a Rehabilitation Act claim against an individual defendant because neither Title II of the ADA, nor the Rehabilitation Act provided for individual capacity suits against state officials).

Additionally, courts in this district have determined that there is no individual liability under Law 44. Vazquez-Vazquez v. Sys. of Puerto Rico, Inc., 609 F. Supp. 2d 217, 220 (D.P.R. 2009); see Cardona Roman v. Univ. of Puerto Rico, 2011 WL 3204837 at *8 (D.P.R. Jul. 27, 2011); Cabrera-Velazquez, 2011 WL 1791100 at *5; Suarez v. Venator Grp., Inc., 2009 WL 4015655 at *3 (D.P.R. Nov. 17, 2009). The ADA is Law 44's federal counterpart, and thus, the ADA's rule as to individual liability claims should apply under Law 44. Vazquez-Vazquez, 609 F. Supp. 2d at 220 (citations omitted).

The court notes that individual defendants Wanda Lozada, Leyda Santiago, Gilda Dacosta-Martel, and Ruben Bonilla are in default (Docket No. 60). However, the court recognizes that "[*s*]*ua sponte* dismissals . . . are appropriate if it is 'crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile.'" TMTV Corp. v. Pegasus Broad. of San Juan, 490 F. Supp. 2d 228, 236 (D.P.R. 2007) (quoting Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002)). Accordingly, the court **DISMISSES** with prejudice Plaintiff's claims under Title II of the ADA, Section 504 of the Rehabilitation Act, and Law 44 claims against all individual defendants.

### B.   Eleventh Amendment Immunity

Next, Defendants argue that Plaintiff's 42 U.S.C. § 1983 ("Section 1983") claims against Commonwealth, DOJ, DOL, VRA, and the individual defendants in their official capacities are barred by the Eleventh Amendment to the Constitution of the United States and should be dismissed. (See Docket No. 25 at 11-12.) Plaintiff sustains that these should not be dismissed because Eleventh Amendment immunity does not bar actions for non-monetary remedies –such as injunctions– against state officials in their official capacities.

The Eleventh Amendment bars suits in federal courts for damages against any state without its consent. Maloy v. McClintock, 2011 WL 2911800 at *3 (D.P.R. Jul. 18, 2011) (citing Toledo v. Sanchez, 454 F.3d 24, 31 (1st Cir. 2006); Fresenius Med. Care Cardiovascular Res., Inc. v. Puerto Rico and Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 61 (1st Cir. 2003); Futura Dev. v. Estado Libre Asociado, 144 F.3d 7, 12-13 (1st Cir. 1998)). "The Commonwealth of Puerto Rico is considered a state for purposes of the Eleventh Amendment." Cruz v. Puerto Rico, 558 F. Supp. 2d 165, 173 (D.P.R. 2007) (citing Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth., 991 F.2d 935, 939 n.3 (1st Cir. 1993); De Leon Lopez v. Corp. Insular de Seguros, 931 F.2d 116, 121 (1st Cir. 1991); Puerto Rico Ports Auth. v. M/V Manhattan Prince, 897 F.2d 1, 9 (1st Cir. 1990)). Eleventh Amendment immunity protects the state and the arms or alter egos of the state. Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of the Commonwealth of Puerto Rico, 818 F.2d 1034, 1036 (1st Cir. 1987); see Vaqueria Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 477 (1st Cir. 2009) (citations omitted) ("An administrative arm of the state is treated as the state itself for the purposes of the Eleventh Amendment, and it thus shares the same immunity."). Additionally, the Eleventh Amendment protects a state official from suits against him or her in his or her official capacity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (citations omitted) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office[,]" which "is no different from a suit against the State itself.").

However, the Eleventh Amendment does not prevent suits against state officers for money damages to be paid out of their own pockets, such as an officer being sued in her or her personal capacity. Kentucky v. Graham, 473 U.S. 159, 166 (1985) (discussing distinction between suits against an officer in an individual as opposed to an official capacity). The Eleventh Amendment also does not bar official capacity suits against state officers for injunctive or declaratory relief brought pursuant to federal law. Maloy, 2011 WL 2911800 at *4 (citing Ex parte Young, 209 U.S. 123, 159-60 (1908)).

Furthermore, the court notes that there are reasons other than the Eleventh Amendment for why money damages are not available against a state government and individual defendants in their official capacities. Rosario-Urdaz v. Rivera-Hernandez, 350 F.3d 219, 222 (1st Cir. 2003). "Section

1983 affords redress against a *person* who, under color of state law, deprives another person of any federal constitutional or statutory right." Medina-Medina v. Puerto Rico, 769 F. Supp. 2d 77, 82 (D.P.R. 2011) (emphasis added) (citations omitted) (internal quotation marks omitted). Under Section 1983, "neither a State nor its officers in their representative capacities are 'persons' . . . with respect to actions for damages." Rosario-Urdaz, 350 F.3d at 222 (citations omitted). A state officer may still be personally liable for damages under Section 1983 based on actions taken in his or her official capacity. Hafer v. Melo, 502 U.S. 21, 25 (1991). "State officials sued for injunctive relief in their official capacity are 'persons' subject to liability under Section 1983." Maloy, 2011 WL 2911800 at *4 (citing Hafer v. Melo, 502 U.S. 21, 25 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)).

Pursuant to the Eleventh Amendment and Section 1983, Plaintiff cannot maintain claims for monetary damages against the Commonwealth, DOJ, DOL, VRA, and the individual defendants in their official capacities. Accordingly, the court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss Plaintiff's Section 1983 claims. Plaintiff's claims for monetary damages against the Commonwealth, DOJ, DOL, VRA, and the individual defendants in their official capacities are **DISMISSED**. Remaining before the court are Plaintiff's claims for injunctive relief and his Section 1983 claims for monetary damages against the individual defendants in their personal capacities.

### C. Timeliness

Defendants contend that Plaintiff's Section 1983, ADA, and Rehabilitation Act claims, as well as the supplemental state law claims, are time barred. Defendants argue that these causes of action have a one-year limitations period and that the latest one began to run with the denial of Plaintiff's equipment request on April 3, 2008. (See Docket No. 25 at 8.)

#### 1. Limitations Periods

Section 1983 does not provide a statute of limitations. Rodriguez-Fernandez v. Hernandez-Miro, 2011 WL 817508 at *3 (D.P.R. Mar. 07, 2011) (citing Owens v. Okure, 488 U.S. 235, 236 (1989)). A federal court adjudicating a Section 1983 action must borrow the state's limitations period governing personal injury actions. Centro Medico del Turabo, 406 F.3d at 6 (citations

omitted). Personal injury actions in Puerto Rico are brought pursuant to Article 1802 and 1803 of the Puerto Rico Civil Code. Sanchez Ramos v. Puerto Rico Police Dep't, 392 F. Supp. 2d 167, 186 (D.P.R. 2005) (citations omitted). The Puerto Rico Civil Code proscribes a one year limitations period for these actions. Rodriguez-Fernandez v. Hernandez-Miro, 2011 WL 817508 at *3 (D.P.R. Mar. 07, 2011) (citing P.R. Laws Ann. tit. 31, § 5298(2); Pagan Velez v. Laboy Alvarado, 145 F. Supp. 2d 146, 142 (1st Cir. 2001)). Consequently, the limitations period for Section 1983 claims brought in Puerto Rico is the one year period under Articles 1802 and 1803 of the Puerto Rico Civil Code. Feliciano v. Puerto Rico, 688 F. Supp. 2d 41, 44 (D.P.R. 2009) (citations omitted).

The same one year statute of limitations applies to claims brought under the ADA and the Rehabilitation Act. Like Section 1983, Title II of the ADA and the Rehabilitation Act do not establish a limitations period. Vargas Alicea v. Consortium of Mayaguez/Las Marias, 360 F. Supp. 2d 367, 370 (D.P.R. 2005) (citing Downs v. Mass. Bay Transp. Auth., 13 F. Supp. 2d 130, 136 (D. Mass. 1998)). Courts apply either the state's personal injury statute or the state's analogous disability discrimination statute. Skidmore v. Am. Airlines, In.c, 198 F. Supp. 2d 131, 135 (D.P.R. 2002) (citations omitted). Law 44 is Puerto Rico's local disability discrimination statute, and like Article 1802, it has a one year limitations period. Id. (citations omitted). Accordingly, under either statute, the applicable limitations period for ADA and Rehabilitation Act claims is one year.

As for Plaintiff's supplemental state law claims, the majority have a one year statute of limitations. Plaintiff brings supplemental state law claims under Laws 44 and 115, and Articles 1802 and 1803 of the Puerto Rico Civil Code. As discussed above, a one year limitations period applies to Law 44, as well as to claims brought under Articles 1802 and 1803. Puerto Rico's retaliation statute, Law 115, has a three year statute of limitations. See P.R. Laws Ann. tit. 29, § 194a(b).

### 2. Date of Accrual

While state law determines the limitations period, federal law determines the date of accrual. Maloy v. McClintock, 2011 WL 2911800 at *4 (D.P.R. Jul. 18, 2011) (citing Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st Cir. 1992)). "Under federal law, the limitations period begins to run when the plaintiff 'knows or has reason to know of the injury which is the basis for his

claim.'" Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96-97 (1st Cir. 2004) (quoting Rodriguez Narvaez v. Nazario, 895 F.2d 38, 41 n.5 (1st Cir. 1990)). The one-year statute of limitations begins to run one day after the date of accrual. Davila-Feliciano v. Puerto Rico State Ins. Fund Corp., 754 F. Supp. 2d 351 (D.P.R. 2010) (citations omitted).

### 3.    Continuing Violation Doctrine

Plaintiff does not contest the one-year limitations period, but argues that his claims are not time barred because they fall under the continuing violation doctrine. (See Docket No. 36 at 8 ¶¶ 18-21.) He contends that the complained of injury is not the denial of equipment on April 3, 2008, but a series of discriminatory events, which began on May 12, 2003, and continue to this day. (See Docket No. 36 at 8 ¶ 22-25.) The court disagrees.

"A knowing plaintiff has an obligation to file promptly or lose his claim." Serrano-Nova v. Banco Popular de Puerto Rico, Inc., 254 F. Supp. 2d 251, 260 (D.P.R. 2003) (quoting Provencher v. CVS Pharmacy, Div. of Melville Corp., 145 F.3d 5, 15 (1998)). This is distinguishable "from a plaintiff who is unable to appreciate that he is being discriminated against until he has lived through a series of acts and is thereby able to perceive the overall discriminatory pattern." Serrano-Nova, 254 F. Supp. 2d at 260 (quoting Provencher, 145 F. 3d at 15).

The continuing violation doctrine "ensures that a plaintiff's claims are not foreclosed merely because the plaintiff needs to see a pattern of repeated acts before he actually realizes that the individual acts were discriminatory." Valentin Rodriguez v. Municipality of Barceloneta, 236 F. Supp. 2d 189, 193 (D.P.R. 2002) (citing Thomas v. Eastman Kodak Co., 183 F.3d 38 (1st Cir. 1999)). Under the continuing violation doctrine:

> a plaintiff can recover for injuries that occurred outside the statute of limitations under certain narrow conditions. Although the name of the doctrine may sound auspicious for late-filing plaintiffs, it does *not* allow a plaintiff to avoid filing suit so long as some person continues to violate [his] rights. The continuing violation doctrine is misnamed. . . . The office of the misnamed doctrine is to allow suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought.

Gorelik v. Costin, 605 F.3d 118, 122 (1st Cir. 2010) (emphasis in original) (citations omitted) (internal quotation marks omitted).

The First Circuit has expressed that the continuing violation doctrine does not apply to

discrete discriminatory and retaliatory acts "that . . . do[] not require repeated conduct to establish an actionable claim." Tobin v. Liberty Mut. Ins. Co., 553 F.3d 121, 130-31 (1st Cir. 2009); see Caraballo v. Bacardi Caribbean Corp., 2099 WL 3027347 at *7 (D.P.R. Oct. 12, 2007) (distinguishing between discrete discriminatory and retaliatory practices from hostile work environment claims, which are typically comprised of a series of events that take place over a period of time). A continuing violation claim will fail –even where a plaintiff alleges a violation within the appropriate statute of limitations period– "if the plaintiff was or should have been aware that he was being unlawfully discriminated against while the earlier acts, now untimely, were taking place." Menendez v. Scotiabank of Puerto Rico, Inc., 321 F. Supp. 2d 273, 282 (D.P.R. 2004) (citing Provencher, 145 F.3d at 14).

A discrete retaliatory or discriminatory act occurs on the day that it happened. Rivas v. U.S. Postal Serv., 2010 WL 2730552 at *4 (D.P.R. Jul. 09, 2010) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002)); see Rodriguez-Fernandez, 2011 WL 817508 at *3 (citations omitted). These acts are easily identifiable. Rodriguez-Fernandez, 2011 WL 817508 at *3. "Therefore, even if there is a pattern of retaliation, the accrual of the limitations period for each discrete act of retaliation compromising the pattern starts to run the moment each act occurs." Id.

According to the complaint, Plaintiff requested and was denied assistive equipment on different occasions.[2] (See Docket No. 1 at 14 ¶ 3; 17 ¶¶ 11-13; 18 ¶¶ 16-18.) Plaintiff's first request for assistive equipment was on January 28, 2003 while studying at the UPR. (See Docket No. 1 at 14 ¶ 3.) This request was denied at some point between May 12, 2003 and January 2005 after he filed a complaint with the UPR's Resource Office for the Disabled and an administrative proceeding concluded.[3] Another request was approved when Plaintiff began a master's degree at SHU in

---

[2] The court notes that many allegations in the complaint were difficult to understand, partly because of incorrect verb tense and poor sentence structure. However, "the complaint should be read as a whole, not parsed piece by piece." Barden v. Wal-Mart Stores, Inc., 588 F.3d 585 (8th Cir. 2009).

[3] The court notes that the complaint does not specify the denial date. It alleges that the

**Civil No. 10-2217 (GAG)**                               12

January 2005 and was later denied "specifically" because he had submitted a formal complaint before OPPI. (See Docket No. 1 at 17 ¶¶ 12-13.) Plaintiff's final request alleged in the complaint was made on November 11, 2007 and denied on April 3, 2008. (See Docket No. 1 at 18 ¶¶ 16-18.)

The complaint mentions a meeting on January 15, 2010, in which Plaintiff was asked to "waive his rights to the assistive equipment requested as a pre-condition to continuing receiving services in the form of the academic tuition for the next semester at [SHU]." (See Docket No. 1 at 23 ¶ 41.) Although the court cannot find a request made after the April 3, 2008 denial, the court, drawing all reasonable inferences in Plaintiff's favor, understands that a request must have been made prior to this meeting. On April 26, 2010, Plaintiff "again contacted the Defendants in order to secure his tuition and other services and assistive equipment . . . to no avail." (See Docket No. 1 at 24 ¶ 45.)

After careful review, the court finds that the continuing violation doctrine is not applicable in this case. Each of these purportedly discriminatory and/or retaliatory acts described in Plaintiff's complaint are separate and clearly distinguishable. Plaintiff's discrimination and retaliation claims are based on the denials of his assistive equipment and services requests. The court equates the denial of Plaintiff's equipment requests to the "the denial of a disabled employee's request for accommodation[,] [which] starts the clock running on the day it occurs." Tobin, 553 F.3d at 130-31. Plaintiff had knowledge of each denial before the respective limitations periods had run. Thus, his continuing violation claim cannot stand. Plaintiff had a year –three years in the case of any claims pursuant to Law 115– from the date of denial to file an actionable claim or otherwise toll the limitations period.

The present complaint was not filed until December 14, 2010. (See Docket No. 1.) Plaintiff

---

request was approved as a result of Plaintiff's administrative complaint and was subsequently denied after an administrative proceeding concluded. (See Docket No. 17 ¶ 11.) It alleges the filing of the administrative complaint on May 12, 2003, but does not specify dates in regard to the administrative proceeding. (See Docket No. 1 at 16 ¶ 9.) The complaint alleges the occurrence of something on May 21, 2003 in the Spanish language, which the court will not consider. (See Docket No. 1 at 16-17 ¶ 10.) Thereafter, Plaintiff "finished his [b]achelor's [d]egree" "with little or no help, services or assistance from Defendants" and began his master's degree at SHU in January 2005. (See Docket No. 1 at 17 ¶ 12.)

has not shown his claims have been tolled. Accordingly, all allegedly discriminatory and/or retaliatory events that occurred more than a year before the complaint was filed are time-barred for Section 1983, ADA, Rehabilitation Act, Law 44, and Articles 1802 and 1803 purposes, and must be **DISMISSED**. Likewise, all alleged retaliatory events that occurred more than three years prior to December 14, 2010 are time-barred for Law 115 purposes, and must also be **DISMISSED**.

### D.     Failure To State A Claim Under ADA

Defendants argue that Plaintiff fails to state a claim upon which relief can be granted under Title II of the ADA and the Rehabilitation Act because the complaint does not allege conduct by Defendants that violated Title II of the ADA.[4]  (See Docket No. 25 at 14.)  Plaintiff contends that he "seeks redress under ADA as a person . . . to whom federally funded services were denied based on his disability[]."  (See Docket No. 36 at 21 ¶ 78.)  Plaintiff argues that his complaint "clearly states that he is a disabled individual as defined by ADA who has been discriminated against in violation of ADA's Title II."  (See Docket No. 36 at 21 ¶ 77.)

Title II of the ADA was enacted "to prohibit 'discrimination by governmental entities in the operation of public services, programs, and activities.'"  Rivera-Concepcion v. Puerto Rico, 2011 WL 1938239 at *7 (D.P.R. Apr. 29, 2011) (citing Toledo v. Sanchez, 454 F.3d 24, 30 (1st Cir. 2006); 42 U.S.C. § 12132). It provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

To state a claim for a violation of Title II, a plaintiff must allege that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against; and (3) that such exclusion, denial, or discrimination was by reason of his disability.  Toledo, 454 F.3d at 31 (citing Parker v. Univ. de Puerto Rico, 225 F.3d 1, 4 (1st Cir. 2000)).

---

[4] As previously noted, the court construes the ADA and Rehabilitation Act counts as presenting a single claim.

Plaintiff's complaint properly alleges he is a qualified individual with a disability and that has been denied the benefits of a public entity's program. However, Plaintiff fails to allege that the denial of his equipment requests "was by reason of his disability." was discriminated or denied from participating or benefitting from VRA's services because of his disability

Plaintiff asserts that the denial of equipment or provision of comparative services "is an irrational act of discrimination" by VRA. (See Docket No. 1 at 20 ¶ ¶ 26-27.) He argues that Defendants agreed to provide the assistive equipment, but then "preferred to withdraw without reasonable justification." (See id.) Other than these conclusory allegations, the complaint is devoid of any other allegation that could support Plaintiff's claims under Title II of ADA. Plaintiff fails to allege that he was discriminated or denied from participating or benefitting from VRA's services because of his disability. Plaintiff does not allege sufficient facts to demonstrate that Defendants' decisions violated Title II of ADA. Thus, Plaintiff has failed to proffer an adequate Title II ADA claim. Accordingly, the court **GRANTS** Defendants' motion to dismiss Plaintiff's Title II ADA claim and **DISMISSES** the same.

**E.     Failure To State A Claim Against the Department of Justice and the Department of Labor and Human Resources**

Defendants next move to dismiss all claims against DOL and DOJ. They argue that "the claims against these defendants are totally devoid of any factual substance supporting them." (See Docket No. 25 at 14.) Plaintiff argues that DOJ is a named defendant because it is "the juridical entity which must officially represent the Commonwealth of Puerto Rico." (See Docket No. 36 at 22 ¶ 80.) In regard to DOL, Plaintiff argues that it is named in the instant action because it is the entity with the capacity to sue and be sued on behalf of VRA. (See Docket No. 36 at 23 ¶ 83.)

While it is true that under Puerto Rico law, "[t]he Secretary of Justice is the legal counsel of the Commonwealth, its agencies, and the People of Puerto Rico in civil, criminal, administrative and special suits and proceedings to which it is a party," it does not necessarily follow that DOJ must be a party in order to sue the Commonwealth. P.R. Laws Ann. tit. 3, § 292a. "[T]he complaint must contain a sufficient statement of facts which show there is a basis to the claim" against DOJ. Robinson v. Stanley Home Prods., Inc., 272 F.2d 601, 603 (1st Cir. 1959). The court finds that the

present complaint fails to make a factual allegation as to DOJ. In fact, DOJ is only mentioned in the enumeration of the parties to the complaint. (See Docket No. 1 at 6 ¶ 4.) Accordingly, the claims against DOJ are subject to dismissal for failure to state a claim upon which relief can be granted.

The court will not, however, dismiss the claims as to DOL because VRA "falls under the auspices of [this department]." Cespedes Rodriguez v. Rivera Hernanades, 135 Fed. Appx. 441, 442 (1st Cir. 2005). The court notes that the organic law that created VRA grants it "pragmatic and fiscal autonomy," but not the power to sue or be sued on its own behalf. See P.R. Laws Ann. tit. 18, §§ 1064 *et seq*. The court is unable to find, and has not been provided with, legal authority to the contrary –e.g. that VRA is a separate legal entity with the capacity to sue and be sued.[5] Furthermore, the complaint alleges that DOL, as VRA's "parent agency" must have known of the discriminating conduct alleged in the complaint. (See Docket No. 36 at 23-24 ¶ 84.)

A court should resolve any doubts in favor a plaintiff on a motion to dismiss and should not grant such a motion unless it is clear that a plaintiff can prove no set of facts in support of their claims. Sifre v. Dep't of Helath, 38 F. Supp. 2d 91, 102 (D.P.R. 1999) (citing Miranda v.. Ponce Fed. Bank, 948 F.2d 41 (1st Cir. 1991)). Accordingly, the court will not dismiss the claims against DOL. As there are no factual allegations supporting Plaintiff's claims against DOJ, the court **DISMISSES** the same.

### F.    *Res Judicata* and Collateral Estoppel

Lastly, Defendants contend that, pursuant to the doctrines of *res judicata* and collateral estoppel, the November 5, 2009 decision by OPPI regarding VRA's denial of Plaintiff's equipment request bars Plaintiff from re-litigating these claims in the instant case. In his opposition, Plaintiff argues that his claims are not barred by *res judicata* or collateral estoppel because they were dismissed as moot and not on the merits.

---

[5] The court will not delve further into this. The court cannot consider Puerto Rico case law in the Spanish language when it is "key to the outcome of the proceedings." Puerto Ricans For Puerto Rico Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008) (finding that the district court erred in granting a motion to dismiss that turned entirely on an untranslated Spanish decision of the Puerto Rico Supreme Court). In the present case, it would be dispositive of the proceedings against DOL.

"Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action, while under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Mala v. Palmer, 755 F. Supp. 2d 386, 390-91 (D.P.R. 2010) (citations omitted) (internal quotation marks omitted).

Res judicata requires that: (1) there is a final judgment on the merits in an earlier proceeding; (2) the parties in the prior and the subsequent action are sufficiently identical; and (3) the causes of action in the two cases are sufficiently identical. Breneman v. U.S. ex rel. F.A.A., 381 F.3d 33, 38 (1st Cir. 2004) (citations omitted). "The test to determine the identity of two causes of action for purposes of *res judicata* is whether the essential or operative facts are the same in both cases." Cooper v. Principi, 71 Fed. Appx. 73, 75 (1st Cir. 2003) (citing Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 38 (1st Cir. 1998)).

"Collateral estoppel may be applied where '(1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment.'" Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 770 (1st Cir. 2010) (quoting Ramallo Bros. Printing, Inc. v. El Dia, Inc., 490 F.3d 86 (1st Cir. 2007)).

The preclusive effect of *res judicata* and collateral estoppel applies "to state judicial proceedings . . . [and] to facts found by a 'state agency acting in a judicial capacity that resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate.'" Baez-Cruz v. Municipality of Comerio, 140 F.3d 24, 28 (1st Cir. 1998) (quoting Univ. of Tenn. v. Elliott, 478 U.S. 788, 798 (1986)); see Ticket Ctr., Inc. v. Banco Popular de Puerto Rico, 2008 WL 859275 at *3 (D.P.R. Mar. 28, 2008) (citations omitted).[6] A dismissal based on mootness grounds "does not constitute a judgment on the merits for res judicata purposes." Wisznia v. City

---

[6] Plaintiff first argument centers around a "continuing violation" theory, which the court has already addressed and decided does not apply to the present case.

**Civil No. 10-2217 (GAG)**                17

of Albuquerque, 135 Fed. Appx. 181, 188 (10th Cir. 2005); see Fieger v. Corrigan, 602 F.3d 775, 777-78 (6th Cir. 2010).

A certified English translation of OPPI's November 5th, 2009 resolution was submitted by Defendants (Docket No. 34-1).[7] The resolution dismisses Plaintiff's administrative claims on mootness grounds. The administrative proceedings dealt with Plaintiff's equipment request to "help him reach his goal of finishing his bachelor's degree and, thus, find employment." (See Docket No. 34-1 at 6.) OPPI found that the issue had become moot because Plaintiff was "in the process of completing a master's degree." (See id.)

Accordingly, OPPI's resolution dismissing Plaintiff's administrative claims on mootness grounds does not constitute an adjudication on the merits for the purposes of *res judicata* and collateral estoppel. Defendants' request for dismissal on *res judicata* and/or collateral estoppel cannot not prevail. The instant request is, therefore, **DENIED**.

**IV.    Conclusion**

For the reasons set forth above, the court **GRANTS in part DENIES in part** Defendants' motions to dismiss at Docket No. 25. Plaintiff's ADA, Rehabilitation Act and Law 44 claims against all individual defendants are hereby **DISMISSED**. Plaintiff's Section 1983 for damages against Commonwealth, DOJ, DOL, VRA, and individual defendants in their official capacities are also **DISMISSED**. Plaintiff's Section 1983, ADA, Rehabilitation Act, Law 44, and Articles 1802 and 1803 claims prior to December 14, 2009 are **DISMISSED**. Plaintiff's claims under Law 115

---

[7] "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). However, there is "a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" Alt. Energy, Inc., 267 F.3d at 33 (quoting Watterson, 987 F.2d at 3). A state agency's resolution fits in the official public records exception. As such, the court takes into consideration OPPI's November 5th, 2009 resolution without converting the motion to dismiss into a motion for summary judgment. See McInnis-Misenor v. Maine Med. Ctr., 319 F.3d 63, 67 n.1 (1st Cir. 2003) (citations omitted) (finding that because a Maine Human Rights Commission report is an official public record, it could be considered by the court in deciding a Rule 12(b)(6) motion).

**Civil No. 10-2217 (GAG)**                18

that occurred prior to December 14, 2007 are likewise **DISMISSED**. Plaintiff's Title II ADA claim is **DISMISSED** for failure to state a claim. All claims against DOJ are also **DISMISSED**. Remaining before the court are Plaintiff's claims for injunctive relief and his Section 1983 claims for monetary damages against the individual defendants in their personal capacities.

**SO ORDERED**.

In San Juan, Puerto Rico this 21st day of September, 2011.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge