IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**EDWIN TOLEDO-COLON,**

**Plaintiff,**

**v.**

**COMMONWEALTH OF PUERTO RICO, et al.,**

**Defendants.**

Civil No. 10-2217 (GAG)

**OPINION AND ORDER**

Plaintiff Edwin Toledo-Colon ("Plaintiff") brought this action against the Commonwealth of Puerto Rico ("the Commonwealth"), the Puerto Rico Department of Labor and Human Resources ("DOL"), the Puerto Rico Department of Justice ("DOJ"), the Vocational Rehabilitation Administration ("VRA"), and individual defendants in their personal and official capacities. (See Docket No. 1.)

This action is brought pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; the Federal Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 *et seq.*; Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. §§ 2000d *et seq.*; and 42 U.S.C. § 1983 ("Section 1983"), alleging violations of the First and Fourteenth Amendments of the United States Constitution. Plaintiff also brings state law claims alleging violations of Puerto Rico Law 115 of December 20, 1991 ("Law 115"), P.R. LAWS ANN. tit 29, §194(a); Puerto Rico Law 44 of July 2, 1985 ("Law 44"), P.R. LAWS ANN. tit. 1, §§ 501 *et seq.*; and Articles 1802 and 1803 of the Civil Code of Puerto Rico ("Articles 1802 and 1803"), P.R. LAWS ANN. tit. 31, §§ 5141-5142.

Previously, the Commonwealth, DOL, DOJ, and VRA moved under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the claims against them. (Docket No. 25.) The court granted in part and denied in part the motion. Remaining before the court are Plaintiff's claims for

**Civil No. 10-2217 (GAG)**                              2

injunctive relief and his Section 1983 claims for monetary damages against the individual defendants[1] in their personal capacities. (See Docket No. 62.) The court considers a second motion to dismiss filed by the Commonwealth, DOL, VRA, and the individual defendants (collectively "Defendants"). (Docket No. 120.) Plaintiff opposed this motion at Docket No. 125 and Defendants filed a reply brief at Docket No. 146. After reviewing these submissions and the pertinent law, the court **DENIES** Defendants' motion to dismiss.

### I.   Standard of Review

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader

---

[1] Myrna Cambrelen, Carmen Diaz, Marideli Arrieta, Maria Benitez, Gilda Dacosta, Ruben Bonilla, Leyda Santiago, and Nydia Colon.

**Civil No. 10-2217 (GAG)**                             3

is entitled to relief.'" Iqbal, 556 U.S. 662, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

## II.     Factual Background

VRA operates the Vocational Rehabilitation Program in Puerto Rico. P.R. LAWS ANN. tit. 18, § 1064(a). Plaintiff is a student pursuing a master's degree in publicity from Sacred Heart University ("SHU") and is a recipient of VRA services. (See Docket No. 1 at 4.) According to the complaint, Plaintiff suffers from "Avoid Personal Disorder" and began receiving VRA services on January 16, 2002, while studying for his bachelor's degree at the University of Puerto Rico ("UPR"). (See id. at 4, 14 ¶ 2.)

On January 28, 2003, as a student at the UPR, Plaintiff requested "a computer system bundles with assistive equipment" from VRA. (See id. at 14 ¶ 3.) On May 12, 2003, Plaintiff filed a formal complaint against Defendants with UPR's "Oficina de Asuntos de Personas con Impedimiento" or, the Resource Office for the Disabled. (See id. at 16 ¶ 9) (translation ours). Plaintiff alleges that, in response to this filing, Defendants agreed to provide the assistive equipment requested, but later denied the request after the administrative proceeding concluded. (See id. at 17 ¶ 11.) Plaintiff eventually graduated from UPR with a bachelor's degree. (See id. at 17 ¶ 12.)

In January 2005, Plaintiff began his master's program at SHU. (See id.) Plaintiff alleges Defendants approved a request for assistive equipment, yet later denied it because he filed a complaint with the Office of the Advocate for Persons with Disabilities ("OPPS," for its Spanish acronym). (See id. at 17 ¶ 12-13.) An administrative hearing against Defendants was held on April 29, 2006. (See id. at 17 ¶ 14.)

According to the complaint, on November 11, 2007, Plaintiff made another request for assistive equipment in order to complete his thesis for his "PUB 798 Project." (See id. at 18 ¶ 16-17.) On April 3, 2008, Plaintiff's request for equipment and the provision of comparative services was denied. (See id. at 18 ¶ 18.)

Plaintiff claims he met with co-defendant Marideli Arrieta, VRA Supervisor at UPR, on January 15, 2010, and was asked to "withdraw and waive his rights to the assistive equipment

**Civil No. 10-2217 (GAG)**                                4

requested as a pre-condition to continue receiving services in the form of academic tuition for the next semester at [SHU]." (See id. at 23 ¶ 41.) On April 26, 2010, Plaintiff contacted Defendants "to secure his tuition and other services and assistive equipment . . . to no avail." (See id. at 24 ¶ 45.)

During Plaintiff's deposition on November 2, 2012, Plaintiff invoked his Fifth Amendment privilege and refused to answer over 130 questions regarding his contracts with the municipality of Caguas, his tax returns, and alleged loss of income. (See Docket No. 120-1.) During the deposition, Plaintiff's attorney asserted that Defendants threatened to prosecute his client for fraud and that he felt more comfortable claiming the Fifth Amendment privilege on behalf of his client during the entire deposition. (See id. at 183, L. 15-20.) Defendants, however, claim that Plaintiff's exercise of his Fifth Amendment privilege prejudices Defendants' right to a fair proceeding. (See Docket No. 120 at 1-2.)

### III.    Discussion

Defendants assert Plaintiff's exercise of his Fifth Amendment privilege has prejudiced the case and precluded them from mounting an effective defense. They assert Plaintiff's uncooperativeness rises to a level that requires dismissal pursuant to Serafino v. Hasbro, Inc., 82 F.3d 515 (1st Cir. 1996).

The Fifth Amendment "guarantees . . . the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no *penalty* . . . for such silence." Serafino, 82 F.3d at 517 (citing Spevack v. Klein, 385 U.S. 511, 514 (1967)). The Fifth Amendment privilege against self-incrimination "applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it." McCarthy v. Arndstein, 266 U.S. 34, 40 (1924). "The central standard for the privilege's application has been whether the claimant is confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimination." Marchetti v. United States, 390 U.S. 39, 53 (1968). Furthermore, the claimant "is not exonerated from answering merely because he declares that in doing so he would

**Civil No. 10-2217 (GAG)**                               5

incriminate himself - - his say-so does not of itself establish the hazard of incrimination." Hoffman v. United States, 341 U.S. 479, 486 (1951). Thus, the claimant's belief must be supported by reason or cause. Cowans v. City of Boston, 2007 U.S. Dist. LEXIS 215 n.4 (D. Mass. 2007) (claimant showed reasonable fear where Attorney General publicly stated grand jury's failure to return indictment "is not the end of the story.").

In a civil context, "one party's assertion of his constitutional right should not obliterate another party's right to a fair proceeding." Serafino, 82 F.3d at 518 (holding the court must accommodate a party's Fifth Amendment interest while ensuring other party is not unduly disadvantaged). The First Circuit held that a district court may use dismissal "'as a *remedy* to prevent unfairness to a defendant.'" Id. (quoting Wehling v. Columbia Broad. Sys., 608 F.2d 1084, 1087 n.6 (5th Cir. 1979)). In determining whether dismissal is an adequate remedy, the court weighs the following: (1) the importance of the information to a defendant's defense; (2) whether there is an effective substitute for the information; and (3) whether there are alternative remedies to a dismissal. Serafino, 82 F.3d at 517-18.

### A.      Importance of the Information

First, the court must consider the importance of the information to Defendants' defenses. Defendants claim the information is crucial to their defenses, while Plaintiff argues Defendants waived their defenses by failing to include them in the answer to the complaint.

Under Federal Rule of Civil Procedure 8(c), a defendant must plead certain enumerated defenses and "any other matter constituting an avoidance or an affirmative defense." Although failure to assert all affirmative defenses in the pleadings may result in waiver and exclusion from the case, a court may examine the totality of the circumstances and find that failure to plead a defense does not necessarily constitute waiver. Williams v. Ashland Eng'g Co., 45 F.3d 588, 593 (1st Cir. 1995) (where "a plaintiff clearly anticipates that an issue will be litigated, and is not unfairly prejudiced when the defendant actually raises it, a mere failure to plead the defense more particularly will not constitute a waiver.") (citing Conjugal P'ship v. Conjugal P'ship, 22 F.3d 391, 401 (1st Cir. 1994); Lucas v. United States, 807 F.2d 414, 418 (5th Cir. 1986)). The raise or waive

**Civil No. 10-2217 (GAG)**                              6

rule may be relaxed when there is no prejudice.

The information not disclosed by Plaintiff is central to two of Defendants' defenses. First, Defendants state Plaintiff has not suffered economic damages. Relevant to this defense are Plaintiff's contracts with governmental entities and his sources of income to prove he was fully capable of earning income. Second, Defendants assert that Plaintiff no longer has an occupational impairment and is not qualified to receive the equipment. Relevant to this defense are Plaintiff's duties and responsibilities in his employment, income generating activities, and tax returns.

Plaintiff argues that Defendants waived these defenses by failing to include them in the answer to the complaint. With respect to Defendants' defense that Plaintiff has not suffered economic damages, a review of the answer reveals that Defendants asserted the complaint failed to state sufficient facts to show any damages as a direct result of Defendants' acts. (See Docket No. 67 at 15, ¶ 12.) Turning to the second defense, nothing indicates that Defendants asserted Plaintiff no longer had an occupational impairment and not qualified to receive the equipment. However, Defendants did assert defenses regarding their decision not to grant the equipment. For instance, Defendants asserted they observed the rights of its vocational rehabilitation recipients and that their decisions regarding Plaintiff were made on the basis of legitimate non-discriminatory reasons. (See Docket 67 at 17-18.) The court finds this general language in Defendants' answer complies with Rule 8(c)'s purpose "to act as a safeguard against surprise and unfair prejudice." Williams v. Ashland Eng'g Co., 45 F.3d 588, 593 (1st Cir. 1995). Furthermore, Plaintiff's complaint is based on a disabled individual's eligibility of rehabilitation services and Plaintiff must have anticipated this issue would be litigated. Defendants' failure to include this defense in its answer does not constitute waiver.

### B.     Alternative Means to Obtain the Information

Next, the court must consider whether there are alternative means to obtain the information. Defendants claim the undisclosed information from the deposition is crucial to Defendants' ability to mount an effective defense. In particular, Defendants claim that only Plaintiff has information regarding his earnings, which is necessary information for Plaintiff to demonstrate loss of income.

**Civil No. 10-2217 (GAG)**                                              7

Plaintiff, on the other hand, argues the tax returns and contracts are certified copies that are admissible in evidence and are an effective substitute for the answers Plaintiff refused to provide.

The court disagrees with Plaintiff and finds that some of the documents are not an effective substitute. Plaintiff's attorney suggested during the deposition that the tax returns may not be his client's tax returns. The attorney implied that several people in Puerto Rico have the same name as his client and that the signature on the document is not necessarily his client's signature. (See Docket No. 120 at 39-41.) Plaintiff casts doubt on the validity of the tax returns, while attempting to convince the court the documents are self-authenticating. In the absence of undisputed factual evidence for Defendants to rely upon, the court finds Plaintiff's undisclosed information is crucial to Defendants' ability to mount an effective defense.

### C.    Alternative Remedy Than Dismissal

Lastly, the court must consider whether there is an alternative remedy besides dismissing Plaintiff's claims. Possible alternatives include staying the matter, striking testimony, and drawing adverse inferences. Serafino, 82 F.3d at 519. Adverse inferences may be drawn in civil actions against parties who refuse to testify on Fifth Amendment grounds. Mitchell v. United States, 526 U.S. 314, 328 (1999); Baxter v. Palmigiano, 421 U.S. 308, 318 (1976).

The court finds that drawing adverse inferences is an effective and reasonable alternative remedy instead of dismissing Plaintiff's claims. The court recognizes Plaintiff's concern for prosecution. However, Plaintiff's apprehension is solely based on Defendants' attorney "threaten[ing] Plaintiff with prosecuting him under local fraud statutes because she had evidence that he had gainful employment." (See Docket No. 125 at 12.) Defendants' counsel replied she is not a prosecutor and does not have power to prosecute. (See Docket No. 146 at 8.) Plaintiff's fear is not as substantial and real as the Serafino plaintiff's concerns, where the court dismissed the case even though a RICO complaint was already pending. 82 F.3d at 517. The court further recognizes that Plaintiff's refusal to answer over 130 questions significantly prejudices Defendants' right to a fair proceeding. The information Defendants' did not obtain is important to their defenses and difficult to obtain through alternative means. After considering the parties' concerns, the court is

**Civil No. 10-2217 (GAG)**                                    8

prepared to draw adverse inferences in future proceedings in order to mitigate any disadvantage to Defendants.

### IV.     Conclusion

For the reasons set forth above, the court **DENIES** Defendants' motion to dismiss at Docket No. 120.

**SO ORDERED.**

In San Juan, Puerto Rico this 5th day of April, 2013.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge