IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDWIN TOLEDO-COLON,

Plaintiff,

v.                                                                                Civil No. 10-2217 (GAG)

COMMONWEALTH OF PUERTO RICO, et al.,

Defendants.

**OPINION AND ORDER**

Presently before the court are Edwin Toledo-Colon's ("Plaintiff") motion to amend judgment (Docket No. 169) and Defendants' opposition (Docket No. 179). In his memorandum in support of the motion to amend judgment, Plaintiff repeats arguments already considered and rejected by the court in its previous opinion and order. (See Docket No. 160.) For the following reasons, the court **DENIES** Plaintiff's motion to amend judgment and **DENIES** his motion for reconsideration.

**I.   Standard of Review**

Motions for reconsideration are generally considered under FED.R.CIV.P. 59 or 60, depending on the time such motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the court. Villanueva-Mendez v. Vazquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005). Courts entertain these motions if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. See Rivera Surillo & Co. v. Falconer Glass Indus. Inc., 37 F.3d 25, 29 (1st Cir. 1994) (citing F.D.I.C. Ins. Co. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992)); Cherena v. Coors Brewing Co., 20 F. Supp. 2d 282, 286 (D.P.R. 1998). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

**II.   Discussion**

**Civil No. 10-2217 (GAG)**

In his motion to amend judgment, Plaintiff argues the court improperly dismissed the complaint against Wanda Lozada ("Lozada") because she is in default. (Docket No. 169.) Plaintiff also argues the court improperly used the Normative Communication in granting Defendants' motion for summary judgment, that Defendants failed to produce documents before filing the motion for summary judgment, and that the facts in Plaintiff's request for admissions were admitted by Defendants.[1] Plaintiff's arguments are the same exact arguments presented in his opposition to Defendants' motion for summary judgment. In fact, most of the paragraphs in the instant motion are simply copied from the opposition, pasted here, and restyled as a motion to amend judgment. Plaintiff repeats arguments that are identical to those the court has already considered and rejected. For clarification purposes, the court will briefly address each argument.

### A.  Motion to Amend Judgment

Plaintiff correctly points out that the court entered default as to defendant Lozada at Docket No. 60. (Docket No. 169 at 4.) However, the court recognizes that "[s]ua sponte dismissals . . . are appropriate if it is 'crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile.'" TMTV Corp. v. Pegasus Broad. of San Juan, 490 F. Supp. 2d 228, 236 (D.P.R. 2007) (quoting Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002)). In addition to the reasons set forth in the court's opinion and order at Docket No. 160, the court finds the claims against Lozada are time-barred and dismisses the same. At the time the motion for summary judgment was filed, the court had dismissed Plaintiff's Section 1983 claims prior to December 14, 2009. (Docket No. 62 at 17.) Lozada resigned from the VRA on May 29, 2009. (Docket Nos. 116 at 20; 126-17.) Accordingly, the court **DENIES** Plaintiff's motion to amend the judgment dismissing Lozada.

---

[1] Plaintiff also avers the court erroneously referred to the EEOC in its opinion and order when he did not appear before the EEOC but before the Office of the Disability Ombudsman. (Docket No. 169 at 50.) The court referred to the EEOC in its analysis of Plaintiff's First Amendment claim because Plaintiff referred to the EEOC in its complaint under the section titled "First Amendment Retaliation Claim." (Docket No. 1 at 31-32.) Had the court referred to the Office of the Disability Ombudsman, the result would be the same.

### B.     Normative Communication

In its opinion and order, the court indicated that Plaintiff did not properly argue why the Normative Communication is inadmissible. (Docket No. 160 at 9 n.4.) Plaintiff moved *in limine* to exclude the Normative Communication, arguing that under Rule 403 of the Federal Rules of Evidence, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (Docket Nos. 169 at 8; 139 at 15.) However, Plaintiff does not further analyze the issue and does not present to the court why the Normative Communication's probative value could be substantially outweighed by one of the factors listed in Rule 403. Similarly, Plaintiff referred to Federal Rules of Civil Procedure 1, 4(d)(1), 56(c)(4), 56(e), Federal Rules of Evidence 801, 803-804, and the Code of Federal Regulations seeking exclusion of evidence, but failed to apply the facts of his case to any of those rules. (Id. at 7-14.) Out of the twenty paragraphs supporting Plaintiff's argument that the Normative Communication is inadmissible, fourteen paragraphs relate solely to the law while only six[2] barely mention the facts of the case without actually applying them to the law.

As mentioned in its opinion and order, the court reiterates that Plaintiff fails to properly analyze the issue at all. (Docket No. 160 at 9 n.4.) Plaintiff's argument is too bare-bones. "It is not our job to put flesh on the bare bones of an underdeveloped argument." United States v. Mathur, 624 F.3d 498, 508 (1st Cir. 2010); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.")

### C.     Defendants' Failure to Produce Documents Before Filing Summary Judgment

Next, Plaintiff argues Defendants failed to produce documents before filing their motion for summary judgment. (Docket No. 169 at 14-21.) On February 4, 2013, Plaintiff first presented this

---

[2] Docket No. 169 ¶¶ 24, 30, 31, 35, 39, 40.

**Civil No. 10-2217 (GAG)**

argument to the court in a motion *in limine* to exclude exhibits, requesting to stay summary judgment, and alternatively requesting an extension of time to oppose the motion for summary judgment. (Docket No. 127.) The court denied Plaintiff's motion, noted that discovery had ended, and determined that no timely request for extension was sought. (Docket No. 132.) Plaintiff again presented the same argument to the court in its opposition to Defendants' motion for summary judgment. (Docket No. 139.) The court denied the same. (Docket No. 160 at 3-4.) Plaintiff copied the same argument and presented it to the court a third time in the instant motion for reconsideration. (Docket No. 169.)

Plaintiff uses this motion for reconsideration as a vehicle to relitigate matters previously decided and rejected by the court twice. The court's determination and rationale remain the same. However, the court adds that Plaintiff's reason for moving *in limine* to exclude the exhibits is that it is impossible for him to "fully and responsibly" respond to the motion for summary judgment when Defendants failed to produce certain documents. (Docket Nos. 139 at 7; 169 at 17.) Defendants filed the motion for summary judgment on December 28, 2012. (Docket No. 116). Plaintiff was given two extensions to oppose the motion, even though they were not timely requested. (Docket Nos. 124, 132.) Plaintiff opposed the motion on February 12, 2013. (Docket No. 139.) Plaintiff had plenty of time to review the seven exhibits he alleges were not produced before the motion for summary judgment was filed.

### D.    Request for Admissions

Plaintiff also argues the court did not consider facts admitted by Defendants. (Docket No. 169 at 29-41.) Again, Plaintiff is wasting the court's time and resources. On October 26, 2012, Plaintiff filed a motion requesting the court find fourty-four facts admitted due to Plaintiff's failure to timely answer them. (Docket No. 100.) The same motion was again filed on November 1, 2012. (Docket No. 104.) In his motions, Plaintiff explains he "notified" Defendants of a request for admissions on August 9, 2012, Defendants requested an extension until October 11, 2012 to respond, and that Defendants submitted their answers on October 24, 2012. (Docket No. 100 at 2,

4

**Civil No. 10-2217 (GAG)**

17.) The court denied both of Plaintiff's motions and refused to consider the facts admitted. (Docket No. 108.) Plaintiff's claim that "these facts have been admitted by Defendants, thus making unnecessary to sustain the alleged facts with documentary evidence" is an inaccurate statement that ignores the court's prior rulings.

### III.  Conclusion

Pursuant to the opinion and analysis above, the court **DENIES** Plaintiff's motion to amend judgment and **DENIES** Plaintiff's motion for reconsideration.

**SO ORDERED.**

In San Juan, Puerto Rico this 26th day of July, 2013

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge